U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 6 2011

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID MARTINDALE §
§
§
VS. § NO. 4:10-CV-867-A
§ (NO. 4:09-CR-077-A)
§
UNITED STATES OF AMERICA §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, David Martindale, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, movant's objections to the government's response, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Movant on August 14, 2009, pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The court on November 24, 2009, sentenced movant to a term of imprisonment of 120 months, to be followed by a three-year term of supervised release. On September 10, 2010, the United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence. United States v. Martindale,

394 F. App'x 182 (5th Cir. 2010).

## II.

## Grounds of the Motion

As the first ground for relief, movant claims that he received ineffective assistance of counsel. Movant's second ground is titled simply "Possession." Mot. at 6. As the third ground, movant apparently contends that the government withheld evidence favorable to him. Ground four, while not labeled, appears to raise a claim as to the sufficiency of the evidence.

As the factual basis for ground one, movant lists all of the following as the basis for his claim:

(A) The defendants attorney told the defendant to plea guilty or he would get a much higher sentence, even though the defendant told his attorney to fight his case on grounds of no search warrant for the car, and the defendant did not have actual or constructive possession of any guns. And there was no factual evidence to support the indictment.
(B) The defendant's attorney did not use any effort and did not investigate any of the case and did not listen to the defendant on the defendant's behalf. There was no duty of loyalty or integrity.
(C) The defendant's attorney jeopordized the entire case, by misleading and lying to the defendant after the attorney misrepresented facts to the court, and denied the defendant a fair trial.
(D) The defendant did not discuss the nature of the charges against him.
(E) The defendant's counsel deficient conduct more likely than not altered the outcome of the case, and but for the attorney's unprofessional errors,

2

           the result of the proceedings would have been different.
- (F) Counsel provided bad advice, and the defendant constantly argued, and had irreconcolable differences.
- (G) Counsels performance fell below an objective standard of reasonableness and failed to investigage mitigating evidence, and circumstances.
- (H) Counsel failed to subject prosecution's case to any meaningful adversarial testing and did not advocate the defendants theory of the case and was not dilligent or competent.
- (I) Counsel's failure to maitain adequate communication's with the defendant to move to file motion to suppress evidence, and is so inadequate and deficient that it denied the defendant's Sixth Amendment rights.
- (J) The defendant's attorney did not explain the nature of the charges against him. And the defendant signed a plea agreement with advice from his attorney, with false information the affected the validity of the plea itself and violated Rule 11 and Due Process.
- (K) The defendant contends if the defendant knew and comprehended the full and correct information he would not have plead gulity and it did affect his case. There is no evidence of the defendant possessing a gun. And because there was no search warrant for the car, that gave probable cause, for the defendant's house, the search of the defendant's house was illegal.
- (L) The defendant's counsel knew that the Police Officer's that gave a routine traffic stop with four people in the car, searched the vehicle without a search warrant.

Mot. at 5-5a (errors in original).

    As the factual basis for ground two, movant essentially argues that he was not in possession of any firearms; none were

found on him at the time of his arrest; the firearms found at his house belonged to others who also lived there; and there was no evidence that movant used his property in any criminal enterprise. Thus, the essential element of possession, needed to convict him as a felon in possession of a firearm, was absent.

The factual basis of ground three generally reiterates that of ground two, with the additional allegations that the "government withheld that there was no evidence [movant] possessed a firearm, and there was no search warrant for the car." Id. at 8.

As to ground four, movant contends that the government failed to provide sufficient evidence to support the plea agreement, and also asserts that his waiver of rights was involuntary and the result of government coercion.

III.

Treatment of § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of

4

constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

## None of the Grounds Has Merit

As to the first ground, to prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance, and both components need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. In the context of a plea agreement, movant

5

"must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

It is well-settled that conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). The claims asserted under ground one in subparagraphs B, C, D, E, F, G, H, I, J, and L, supra at 2-3, are all conclusory statements lacking any factual allegations or support, and none are sufficient to establish a claim of ineffective assistance of counsel.

The claims asserted under subparagraphs A and K appear to complain that counsel advised movant to plead guilty, despite the lack of a search warrant to search the vehicle movant was driving at the time of his arrest, and despite lack of evidence that movant was in possession of a firearm. These claims are meritless. "A search conducted pursuant to consent is excepted from the Fourth Amendment's warrant and probable cause

requirements." United States v. Solis, 299 F.3d 420, 436 (5th Cir. 2002). The record shows that the car movant was driving at the time of his arrest was registered to passenger Sheri Lynn Courtney, and that Courtney consented to a search of her vehicle.[1] No warrant was required for the search, and counsel's failure to raise a meritless issue is not grounds for a claim of ineffective assistance of counsel. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

Movant's assertion in subparagraph K of ground one, that the lack of search warrant for the car also negated any probable cause for the search of his home, fails for the same reason. The search of the vehicle was a valid search pursuant to consent. Further, movant testified that all of the stipulated facts read aloud during his rearraignment hearing were true, including that during a post-arrest interview, movant consented to a search of his residence, where agents found an additional firearm. Rearraignment Tr. at 19-20. Movant has failed to meet the Strickland standard to establish a claim of ineffective assistance of counsel.

---

[1] Movant in his objections contends that this is false, and that the real owner of the vehicle is an individual named Renee Renneker. Nothing in the record supports this assertion, and movant fails to identify the basis of his contention. Information in the presentence report, including interviews with Courtney, consistently identifies her as the owner of the vehicle.

Movant's second and third claims appear to both raise the same issue: the lack of evidence that he was in possession of a firearm. However, "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). A guilty plea "admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to a conviction." United States v. Cothran, 302 F.3d 279, 285-6 (5th Cir. 2002). Following a guilty plea, all that remains is to determine punishment and enter judgment. Boykin v. Alabama, 395 U.S. 238, 242 (1969).

At his rearraignment hearing, the court read the elements of the offense with which movant was charged, including that movant "knowingly possessed a firearm." Rearraignment Tr. at 16. Movant testified that all of the required facts existed. Id. By pleading guilty, movant thus admitted all of the elements of the charge against him, and his second and third claims are foreclosed by his guilty plea.

As to ground four, to the extent that ground attempts to argue insufficient evidence, that argument is foreclosed for the reasons discussed above. To the extent movant argues his guilty

plea was involuntary, that claim is without merit.

For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

The record here squarely contradicts movant's claim. At his rearraignment, movant waived the reading of the indictment, but testified that he read and understood it, that he read the factual resume and proffer agreement, and understood and

discussed the legal significance of the documents with his attorney before signing them. Rearraignment Tr. at 14-15. Movant heard all of the elements of the offense to which he pleaded guilty read aloud, as well as the stipulated facts, and he admitted that all of the facts were true. Id. at 15-16, 19-20. Movant also testified that he understood that the sentencing guidelines are advisory but knew they would apply to his case, and he testified that he understood the possible penalties and punishments. Id. at 8-11, 17-18.

After considering all of the aforementioned testimony, the court expressly found movant's plea to be knowing and voluntary. Id. at 20-21. Under these facts, it is clear that movant knew the consequences of his plea as contemplated by the Fifth Circuit, and the court cannot now conclude that movant's plea was anything other than knowing and voluntary.

V.

ORDER

Therefore,

The court ORDERS that the motion of David Martindale to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 6, 2011.

_____
JOHN McBRYDE
United States District Judge